Paula L. Zecchini, AZ Bar No. 031880
Jeff M. Monhait, admitted *pro hac vice*
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA  98104
Telephone: (206) 340-1000
Facsimile: (206) 621-8783
Email: pzecchini@cozen.com
         jmonhait@cozen.com

Attorneys for Defendant
GoDaddy.com, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SiteLock, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>GoDaddy.com, LLC,<br><br>            Defendant. | Case No.: 2:19-cv-02746-DWL<br><br>**DEFENDANT GODADDY.COM, LLC'S ANSWER TO COMPLAINT** |

Defendant GoDaddy.com, LLC, ("Defendant") hereby submits its answer to the allegations in the Complaint of Plaintiff SiteLock, LLC ("Plaintiff").  The paragraphs of the Complaint are grouped under headings and subheadings that state legal conclusions as to which no response is required, and to the extent any response is required, Defendant denies any allegations contained within such headings or subheadings.  Except as explicitly admitted herein, each and every allegation of the Complaint is denied.  Defendant further answers the numbered paragraphs of the Complaint on personal knowledge as to its own activities, and on information and belief as to the activities of others, as follows:

## PLAINTIFF'S ALLEGATIONS REGARDING NATURE OF THE CASE

1.      Defendant lacks sufficient information to admit or deny the allegations of paragraph 1, and, therefore, they are denied.

2.      Defendant admits that it offers a wide array of website-related services, including domain registration, web hosting, and virtual private servers, to millions of customers around the world.  Defendant is not a publicly-traded company.

3.      Admitted that Defendant and Plaintiff entered into an agreement whereby Plaintiff agreed to appoint Defendant as an authorized sales representative subject to the terms of the Reseller Agreement, and granted Defendant a worldwide license to Plaintiff's intellectual property.  Defendant lacks sufficient information to admit or deny allegations regarding the services run by Plaintiff on any customer website, and denies any allegations related to Plaintiff's business on that basis.  Admitted that a customer could order and activate a subscription to Plaintiff's software products through Defendant.  Defendant denies Plaintiff is offering services, as Plaintiff is selling off-the-rack software that is typically characterized as a product. The remaining allegations in this paragraph are denied.

4.      Admitted that when a customer ordered a subscription to a SiteLock product through Defendant, the customer had a right to activate that product.  Defendant lacks sufficient information to admit or deny whether and when Plaintiff would provide specific products or services.  Defendant denies the remaining allegations set forth in paragraph 4 of the Complaint.

5.      The allegations in paragraph 5 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 5.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      The allegations in paragraph 8 of the Complaint include legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 8.  However, Defendant admits Plaintiff was aware that Plaintiff received payment only for product activations, and not for product sales.  Defendant denies the remaining factual allegations and representations, including the misrepresentations of contractual terms, contained in paragraph 8 of the Complaint.

9.      Admitted that Plaintiff proposed a modification to the parties' rights under the agreement because Plaintiff was aware that it received payments from Defendant based on product activations, and not for product sales.  Admitted that Plaintiff proposed the Third Addendum in the hope of increasing the number of product activations so that Plaintiff could claim more revenue.  Admitted that Plaintiff and Defendant agreed to the Third Addendum. Admitted that Defendant continued to pay SiteLock only for product activations, and not for product sales.  The remaining allegations in paragraph 9 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies all the remaining factual allegations and representations contained in paragraph 9 of the Complaint.

10.     The allegations in paragraph 10 of the Complaint include legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies those allegations, and all the remaining factual allegations and representations contained in paragraph 10 of the Complaint.

11.     The allegations in paragraph 11 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 11 of the Complaint.

1

**PLAINTIFF'S DESCRIPTION OF THE PARTIES**

2      12.    Defendant lacks sufficient information to admit or deny the allegations in

3    paragraph 12 of the Complaint, therefore, they are denied.

4      13.    Admitted that Defendant is an LLC with its principal placed of business located

5    at 14455 N. Hayden Road, Suite 226, Scottsdale, AZ 85260.  Defendant is a wholly owned

6    subsidiary of Go Daddy Operating Company, LLC, as set forth in Defendant's concurrently-

7    filed Corporate Disclosure Statement.

8

**PLAINTIFF'S DESCRIPTION OF JURISDICTION AND VENUE**

9      14.    The allegations in paragraph 14 of the Complaint constitute legal conclusions

10    for which no response is required.  Admitted that the Court has subject matter jurisdiction over

11    Plaintiff's Lanham Act claims.

12      15.    The allegations in paragraph 15 of the Complaint constitute legal conclusions

13    for which no response is required.

14      16.    The allegations in paragraph 16 of the Complaint constitute legal conclusions

15    for which no response is required.

16

**PLAINTIFF'S DESCRIPTION OF FACTUAL ALLEGATIONS**

17  **I.    PLAINTIFF'S DESCRIPTION OF PLAINTIFF'S SERVICES**

18      17.    Defendant lacks sufficient information to admit or deny the allegations in

19    paragraph 17 of the Complaint, therefore, they are denied.

20      18.    Admitted that Plaintiff offers web security products to its clients.  Defendant

21    lacks sufficient information to admit or deny the remaining allegations in paragraph 18 of the

22    Complaint, therefore, they are denied.

23      19.    Defendant lacks sufficient information to admit or deny the allegations in

24    paragraph 19 of the Complaint, therefore, they are denied.

25      20.    Admitted that Plaintiff offers subscriptions for its software products whereby

26    customers are granted licenses to use the product.  Defendant lacks sufficient information to

27    admit or deny the remaining allegations in paragraph 20 of the Complaint, therefore, they are

28    denied.

21.     Admitted that after purchasing a subscription, a customer is required to activate Plaintiff's products prior to using them.  Admitted that customers would pay Defendant for subscriptions to SiteLock's products.  Defendant lacks sufficient information to admit or deny whether and when Plaintiff would provide specific products or services.  Defendant denies the remaining allegations and representations contained in paragraph 21 of the Complaint.

## II.   DEFENDANT DENIES PLAINTIFF'S DESCRIPTION OF THE RESELLER AGREEMENT

22.     Admitted that GoDaddy.com LLC, the sole defendant in this litigation, offers an array of products and services to individuals and businesses that want to set up or maintain websites.  Defendant does not have sufficient information to admit or deny any allegations regarding non-party GoDaddy Inc.

23.     Admitted that Plaintiff and Defendant entered into a contract titled "Reseller Agreement" with an "effective date" set forth in that agreement as November 4, 2013. Admitted that the Reseller Agreement authorizes Defendant to promote Plaintiff's products. Admitted that pursuant to the terms of the Reseller Agreement, Plaintiff granted Defendant a license to Plaintiff's intellectual property, including a license to Plaintiff's "name, logotype, trademarks, slogans, brochures, sales literatures, marketing materials and other works of authorship."  Denied that section 5 of the Reseller Agreement sets forth payment terms. However, Section 3 of the Reseller Agreement incorporates Exhibit A to the Reseller Agreement, which sets forth the license schedule, and additional payment terms that appear to be referenced in paragraph 23 to the Complaint. The remaining allegations in paragraph 23 of the Complaint contain legal conclusions for which no response is required.  The terms of that agreement speak for themselves, and Defendant denies any attempt to mischaracterize or misconstrue the terms of the contract.  Accordingly, Defendant denies the remaining factual allegations and representations set forth in paragraph 23 of the Complaint.

24.     Admitted that paragraph 24 of the Complaint contains a reproduction of the table of license fees set forth in Exhibit A to the Reseller Agreement.  The remaining allegations in paragraph 24 of the Complaint contain legal conclusions for which no response is required.

The terms of that agreement speak for themselves, and Defendant denies any attempt to mischaracterize or misconstrue the terms of the contract. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.   Section 3.2 of the Reseller Agreement states in its entirety as follows: "**Reporting.** Each party collecting the fees hereunder shall provide tracking and reporting to the other party of all sign-ups related to this Agreement. The non-reporting party shall have the right at that party's expense to audit any and all records of the reporting party related to this Agreement not more than twice annually and in the event and in the event [sic] there is a material difference between the amount paid to the non-reporting party under this section and the amount due as reflected in such Audit, the reporting party shall promptly pay such difference to the non-reporting party, provided that in the event such difference is >10%, the reporting party shall also pay to the non-reporting party the cost of such audit." The remaining allegations in paragraph 25 of the Complaint contain legal conclusions for which no response is required. The terms of the agreement speak for themselves, and Defendant denies any attempt to mischaracterize or misconstrue the terms of the contract. To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 25 of the Complaint.

## III.   DEFENDANT DENIES PLAINTIFF'S DESCRIPTION OF PURPORTED BREACHES OF THE RESELLER AGREEMENT

26.   Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27.   Exhibit A to the Reseller Agreement states, among other things, that: "b. SiteLock will provide Company with an invoice for Fees due within fifteen (15) days of the end of each calendar month. Company will pay SiteLock within sixty (60) days of the receipt of invoice." Defendant lacks sufficient information to admit or deny the allegations related to Plaintiff's knowledge, practices, and expectations as set forth in paragraph 27 of the Complaint, and, therefore, those allegations are denied. Defendant denies the remainder of the allegations set forth in paragraph 27 of the Complaint.

28.   Defendant denies the allegations set forth in paragraph 28 of the Complaint.

1    29.    Defendant denies the allegations set forth in paragraph 29 of the Complaint.

2    30.    Defendant denies the allegations set forth in paragraph 30 of the Complaint.

3    31.    Defendant denies the allegations set forth in paragraph 31 of the Complaint.

## IV.    DEFENDANT DENIES THAT IT BREACHED THE AGREEMENT BY FAILING TO REPORT "SIGN-UPS"

6    32.    Admitted that Defendant provided Plaintiff with information necessary for Plaintiff to generate invoices for customers that activated Plaintiff's product, and admitted that Defendant provided additional information.  Defendant denies the remaining allegations set forth in paragraph 32 of the Complaint.

10    33.    Admitted that Plaintiff was entitled to generate invoices only for product subscriptions that were actually activated by a customer.  Plaintiff denies that Defendant had any right to payment or information related to product subscriptions that were not activated by a customer.  Admitted that the number of customers who placed orders through Defendant for subscriptions to Plaintiff's products is greater than the number of customers who activated such subscriptions.  Defendant denies the remaining allegations set forth in paragraph 33 of the Complaint.

17    34.    Admitted that Plaintiff was well aware that it received payments from Defendant based on product activations, not product sales.  Admitted that Plaintiff sought a modification to the parties' agreement to increase the number of products that were activated.  Defendant denies the remaining allegations set forth in paragraph 34 of the Complaint.

21    35.    Admitted that Defendant continued to provide payment to Plaintiff based on product activations, not product sales.  Defendant denies the remaining allegations set forth in paragraph 35 of the Complaint.

24    36.    Defendant denies the allegations set forth in paragraph 36 of the Complaint.

## V.    DEFENDANT DENIES PLAINTIFF'S CLAIM THAT DEFENDANT BREACHED THE PARTIES "UPDATED AGREEMENT"

27    37.    Admitted that Plaintiff was well aware, during the entire course of the parties' agreement, that it received payments from Defendant based on product activations, and not

product sales.  Admitted that Plaintiff wished that it received payments based on sales, and attempted to negotiate different terms to the agreement that would allow Plaintiff to claim revenue for more product activations and/or sales.  Defendant denies the remaining allegations set forth in paragraph 37 of the Complaint.

38.     Admitted that Plaintiff proposed the Third Addendum in the hope of increasing the number of conversions from product sales to product activations so that it could claim more revenue.  Admitted that Plaintiff and Defendant ratified the Third Addendum.  The terms of the Third Addendum speak for themselves, and Defendant denies Plaintiff's characterization of the terms of the Third Addendum.  The remaining allegations in paragraph 38 of the Complaint contain legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Defendant denies the allegations set forth in paragraph 39 of the Complaint.

## VI.   DEFENDANT DENIES PLAINTIFF'S ALLEGATIONS REGARDING THE USE OF PLAINTIFF'S TRADE NAME

40.     Admitted that section 5 of the Reseller Agreement provides that Defendant shall endeavor to promote Plaintiff's products.  Defendant denies the remaining allegations set forth in paragraph 40 of the Complaint.

41.     Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42.     Defendant denies that it promoted Sucuri by using Plaintiff's trade name. Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 42 of the Complaint, and, therefore, they are denied.

43.     Defendant lacks sufficient information to admit or deny the allegations regarding what Plaintiff allegedly discovered, and, therefore, such allegations are denied.  The remaining allegations set forth in paragraph 43 of the Complaint are denied.

44.     Defendant denies the allegations set forth in paragraph 44 of the Complaint.

///

///

## **DEFENDANT DENIES THE ALLEGATIONS SET FORTH IN PLAINTIFF'S CLAIMS FOR RELIEF**

### **DEFENDANT DENIES THE ALLEGATIONS IN COUNT ONE**

45.     Defendant incorporates and re-alleges each and every response to the allegations set forth above and incorporates same here by reference.

46.     The allegations in paragraph 46 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant admits that the Reseller Agreement is dated November 4, 2013, and denies Plaintiff's characterization of the Reseller Agreement.

47.     The allegations in paragraph 47 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations set forth in paragraph 50 of the Complaint.

### **DEFENDANT DENIES THE ALLEGATIONS IN COUNT TWO**

51.     Defendant incorporates and re-alleges each and every response to the allegations set forth above and incorporates them here by reference.

52.     The allegations in paragraph 52 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant admits that section 3.2 states that "[e]ach party collecting the fees hereunder shall provide tracking and reporting to the other party of all sign-ups related to this Agreement," and denies the remaining allegations set forth in paragraph 52 of the Complaint.

53.     Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54.     Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55.     Defendant denies the allegations set forth in paragraph 55 of the Complaint.

**DEFENDANT DENIES THE ALLEGATIONS IN COUNT THREE**

56.     Defendant incorporates and re-alleges each and every response to the allegations set forth above and incorporates them here by reference.

57.     The allegations in paragraph 57 of the Complaint constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant admits that the Third Addendum is dated July 11, 2016 and on information and belief, appears to be a valid addendum.  The remaining allegations are denied.

58.     Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59.     Admitted only that paragraph 59 of the Complaint contains language taken from the Third Addendum. The remaining allegations are denied.

60.     Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61.     Defendant denies the allegations set forth in paragraph 61 of the Complaint.

**DEFENDANT DENIES THE ALLEGATIONS SET FORTH IN COUNT FOUR**

62.     Defendant incorporates and re-alleges each and every response to the allegations set forth above and incorporates them here by reference.

63.     Admitted only that section 5 of the Reseller Agreement provides that Defendant shall endeavor to promote Plaintiff's products.

64.     Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65.     Defendant denies the allegations set forth in paragraph 65 of the Complaint.

**DEFENDANT DENIES THE ALLEGATIONS SET FORTH IN COUNT FIVE**

66.     Defendant incorporates and re-alleges each and every response to the allegations set forth above and incorporates them here by reference.

67.     Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68.     Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69.     Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71.     Defendant denies the allegations set forth in paragraph 71 of the Complaint.

///

9

1

**DEFENDANT DENIES THE ALLEGATIONS IN COUNT SIX**

2      72.      Defendant incorporates and re-alleges each and every response to the allegations

3 set forth above and incorporates them here by reference.

4      73.      Defendant lacks sufficient information to admit or deny the allegations of

5 paragraph 73 of the Complaint, and, therefore, they are denied.

6      74.      Defendant lacks sufficient information to admit or deny the allegations of

7 paragraph 74 of the Complaint, and, therefore, they are denied.

8      75.      Defendant denies the allegations set forth in paragraph 75 of the Complaint.

9      76.      Defendant admits that SiteLock and Sucuri are web security products, and denies

10 the remainder of the allegations set forth in paragraph 76 of the Complaint.

11      77.      Defendant denies the allegations set forth in paragraph 77 of the Complaint.

12      78.      Defendant denies the allegations set forth in paragraph 78 of the Complaint.

13      79.      Defendant denies the allegations set forth in paragraph 79 of the Complaint.

14      80.      Defendant denies the allegations set forth in paragraph 80 of the Complaint.

15      81.      Defendant denies the allegations set forth in paragraph 81 of the Complaint.

16 **DEFENDANT DENIES THE ALLEGATIONS SET FORTH UNDER COUNT SEVEN**

17      82.      Defendant incorporates and re-alleges each and every response to the allegations

18 set forth above and incorporates them here by reference.

19      83.      Defendant denies the allegations set forth in paragraph 83 of the Complaint.

20      84.      Defendant denies the allegations set forth in paragraph 84 of the Complaint.

21      85.      Defendant denies the allegations set forth in paragraph 85 of the Complaint.

22

**JURY DEMAND**

23      86.      Defendant denies Plaintiff is entitled to a jury trial, but also demands a trial by

24 jury in accordance with Rule 38(b) of the Federal Rules of Civil Procedure.

25

**PRAYER FOR RELIEF**

26      Defendant denies that Plaintiff is entitled to any relief, and respectfully requests that

27 Plaintiff take nothing by way of its Complaint, and that Defendant be awarded costs, attorneys'

28 fees and any additional relief the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant sets forth the following affirmative and other defenses, on personal knowledge as to its own actions and on information and belief as to the actions of others. By pleading these defenses, Defendant does not concede that it bears the burden of proof or persuasion on any claim or defense.  Defendant reserves the right to assert additional defenses and counterclaims in the event that discovery or further investigation reveals such defenses or counterclaims are appropriate.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint fails to state a claim upon which relief may be granted. Among other things, Plaintiff does not allege facts sufficient to state a claim for breach of contract.

**SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claims are barred in whole or in part pursuant to the doctrine of laches because Plaintiff unreasonably delayed in enforcing its alleged rights, and the delay caused prejudice to Defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Plaintiff's claims are barred in whole or in part because they are foreclosed by the applicable statutes of limitation.

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiff's claims are barred in whole or in part because Plaintiff consented to the complained of conduct by its actions and words.

**FIFTH AFFIRMATIVE DEFENSE**

**(Ratification)**

Plaintiff's claims are barred in whole or in part by the doctrine of ratification as Plaintiff knew of the complained conduct, and failed to act to assert its alleged rights.

### SIXTH AFFIRMATIVE DEFENSE

#### (Lack of Damage)

Plaintiff's claims are barred in whole or in part because Plaintiff did not incur any damages as a matter of law, and Plaintiff's theory of damages is foreclosed in particular by Article 2 of the U.C.C., including, for example, A.R.S. § 47-2708 (U.C.C. § 2708), and related sections of the U.C.C. that define the applicable measure of damages for a seller of goods.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Lack of Harm)

Plaintiff's claims are barred in whole or in part because Plaintiff has suffered no actual and/or irreparable harm.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Estoppel)

Plaintiff is estopped from asserting the claims set forth in the Complaint because, among other reasons, it knowingly sent invoices and accepted payments based upon product activations, and not upon the alleged rights to payment asserted in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

#### (Waiver)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver, as Plaintiff alleges that it knew about all of the complained conduct during the entire course of the parties' relationship, yet did nothing to assert its alleged rights.

### TENTH AFFIRMATIVE DEFENSE

#### (License)

Plaintiff's claims are barred in whole or in part because it gave Defendant the legal right to use Plaintiff's intellectual property, and otherwise gave Defendant license to conduct itself in the manner complained of herein.

///

///

///

1

2

## ELEVENTH AFFIRMATIVE DEFENSE

### (Set-off)

Plaintiff's claims are barred in whole or in part by the doctrine of recoupment and/or set-off. Defendant is entitled to offset and recoup against any judgment that may be entered for Plaintiff for all obligations owing to Defendant, including, but not limited to, any unpaid account balances and/or any damages incurred in connection with any termination of contracts between Defendant and Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

Plaintiff's calculation of damages violates the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, as well as the Due Process Clause of the Fifth and Fourteenth Amendments, because they constitute excessive fines and are grossly disproportionate to any actual harm allegedly suffered by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Any award to Plaintiff would constitute unjust enrichment.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Contractual Limitations)

Plaintiff's claims are barred in whole or in part by the terms, conditions and/or limitations of liability contained in applicable agreements with Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

///

///

///

1   **SIXTEENTH AFFIRMATIVE DEFENSE**

2   **(Failure of Consideration)**

3   Plaintiff's claims are barred, in whole or in part, due to the failure of consideration for

4   the alteration of contractual terms Plaintiff seeks in the Complaint.

5   **SEVENTEENTH AFFIRMATIVE DEFENSE**

6   **(Superseding Cause)**

7   Plaintiff's claims are barred in whole or in part because the alleged damages must be

8   attributed to the conduct of third parties or events for which Defendant is not responsible,

9   including the rejection of Plaintiff's products by end users.

10   **EIGHTEENTH AFFIRMATIVE DEFENSE**

11   **(Economic Loss Rule)**

12   Plaintiff's claims in tort are barred under the economic loss rule as the parties were

13   engaged in a contractual relationship.

14   **NINETEENTH AFFIRMATIVE DEFENSE**

15   **(Attorneys' Fees)**

16   To the extent Plaintiff seeks recovery of attorney's fees, such fees are not recoverable

17   under the claims asserted herein.

18   **TWENTIETH AFFIRMATIVE DEFENSE**

19   **(Failure to Mitigate)**

20   Plaintiff's claims are barred in whole or in part due to a failure to mitigate damages.

21   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

22   **(Plaintiff's Own Conduct)**

23   Plaintiff's claims are barred in whole or in part because the alleged harm is due to

24   Plaintiff's own conduct.

25   **TWENTY-SECOND AFFIRMATIVE DEFENSE**

26   **(Preemption)**

27   Plaintiff's claim for unfair competition is preempted by the Lanham Act.

28   ///

1  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

2  **(Parole Evidence Rule)**

3  Plaintiff's claims are barred in whole or in part by the parole evidence rule.

4  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

5  **(Failure to Join Indispensable Parties)**

6  Plaintiff's Complaint must be dismissed for failure to join indispensable parties

7  including the customers who rejected and/or demanded refunds from Defendant for Plaintiff's

8  product.

9  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

10  **(Unilateral or Mutual Mistake of Fact)**

11  Plaintiff's contract-based claims are barred in whole or in part because the allegations

12  set forth in Plaintiff's Complaint demonstrate mutual or unilateral mistake, rendering the

13  contract void and unenforceable.

14  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

15  **(Acquiescence)**

16  Plaintiff's claims, and its Lanham act claim in particular, are barred by Plaintiff's

17  acquiescence.

18  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

19  **(Reservation of Rights)**

20  Defendant expressly and specifically reserves the right to amend this Answer to add,

21  delete, and/or modify affirmative defenses based upon legal theories, facts and/or

22  circumstances which may or will be developed through discovery and/or through further legal

23  analysis of its position in this action.

24  **PRAYER**

25  WHEREFORE, Defendant prays as follows:

26      1.    The Complaint be dismissed, with prejudice and in its entirety;

27      2.    Plaintiff take nothing by the Complaint, and that judgment be entered against

28  Plaintiff and in favor of Defendant;

3.      Defendant be awarded its costs of suit and reasonable attorneys' fees; and

4.      The Court award Defendant such other and further relief as the Court deems just and proper.


Dated:  July 8, 2019                          **COZEN O'CONNOR**
                                               Paula L. Zecchini


                                               By:  _s/ Paula L. Zecchini_____
                                                       Paula L. Zecchini
                                               Attorneys for Defendant
                                               GODADDY.COM, LLC

1

## <u>CERTIFICATE OF SERVICE</u>

2

The undersigned hereby certifies, under penalty of perjury under the laws of the State

3

of Arizona that I electronically filed the foregoing document with the Clerk of the Court using

4

the CM/ECF system which will send notification of such filing to the following:

5

6

Thomas A. Gilson
Beus Gilbert PLLC

7

701 N. 44th Street
Phoenix, Arizona 85008

8

(480) 429-3000
tgilson@beusgilbert.com

9

Counsel for Plaintiff

10

Kevin B. Huff
Thomas G. Schultz
Kellogg, Hansen, et al.
1615 M Street, N.W. Suite 400
Washington, DC 20036
(202) 326-7900
khuff@kellogghansen.com
tschultz@kellogghansen.com

11

SIGNED AND DATED this 8th day of July, 2019 at Chamonix, France.

12

13

COZEN O'CONNOR

14

By:    *s/ Paula Zecchini*

15

Paula Zecchini

16

17

18

19

20

21

22

23

24

25

26

27

28