**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SiteLock LLC, | No. CV-19-02746-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

Pending before the Court is the parties' stipulation to redact information from certain documents and to file certain other documents under seal. (Doc. 97.) For the following reasons, the stipulation will be denied without prejudice.

As background, SiteLock and GoDaddy entered into a Reseller Agreement in November 2013 under which GoDaddy agreed to market and sell SiteLock's website security services to GoDaddy's customers as part of the larger suite of web services offered by GoDaddy. (*See generally* Doc. 20 at 4-7.) The parties also entered into several subsequent addenda to the Reseller Agreement. (*Id.*)

In April 2019, SiteLock initiated this action. SiteLock's primary claim is that GoDaddy breached the Reseller Agreement and addenda by failing to remit payment for each SiteLock subscription that customers ordered through the GoDaddy website—instead, GoDaddy only remitted payment when the customer went further and activated the subscription. (*Id.*) GoDaddy denies that it breached the Reseller Agreement and addenda. (*Id.*) Additionally, GoDaddy has now come to believe—after reviewing certain documents

produced by SiteLock as part of the discovery process—that SiteLock breached the Reseller Agreement and addenda. (Docs. 93, 94.) Thus, GoDaddy has filed a motion for leave to amend its answer and assert new counterclaims. (*Id.*)

The memorandum filed in support of GoDaddy's motion (Doc. 94) contains an array of proposed redactions, as does GoDaddy's proposed amended answer (Doc. 93-1 at 19-49). In addition, GoDaddy seeks permission to file the First Addendum and Second Addendum to the Reseller Agreement under seal in their entirety. In the stipulation, the parties contend the proposed redactions and sealing requests are permissible because the items in question "contain pricing terms and structures constituting 'sensitive information akin to trade secrets.'" (Doc. 97.)

The first document containing redactions is GoDaddy's memorandum in support of its motion to amend. (*Compare* Doc. 94 [redacted version] *with* Doc. 101 [lodged version with proposed redactions highlighted].) The Court has carefully reviewed the proposed redactions and is struggling to understand why the material in question should be shielded from public view. In some instances, GoDaddy merely specifies which addendum it contends has been breached, without identifying any of that addendum's terms. (*See, e.g.,* Doc. 101 at 2:14, 3:9, 6:14-15.) The existence of the addenda has already been disclosed in other filings, so it is unclear why these references must be redacted. As for the next category of proposed redactions (*see, e.g.,* Doc. 101 at 2:20, 12:8-9, 15:4), the Court is again struggling to understand how these references could be considered trade secrets, given their utterly generic nature. Finally, the last batch of proposed redactions (Doc. 101 at 15:1-2, 15:15-16) appear to parrot allegations that already appear in other unsealed filings (*see, e.g.,* Doc. 93-1 at 26 ¶¶ 7-8). Given this backdrop, the Court is disinclined to authorize any of the proposed redactions in Doc. 94.

The next document containing redactions is the proposed amended answer. (*Compare* Doc. 93-1 at 19-49 [redacted version] *with* Doc. 102 [lodged version with proposed redactions highlighted].) The Court is satisfied that the redactions in paragraphs 19, 21, 27, 29, 30, 38, 42, 43, 44, 45, 46, 48, 49, and 75 are likely permissible because they

refer to specific pricing terms and/or customer identification information that may constitute, or is akin to, a trade secret. However, the redactions in paragraphs 20, 34, 35, 36, 37, 40, 47, 50, 51, 54, 55, 57, 60, 63, 68, 74, 76, and 78 seem too generic to trigger competitive concerns and/or seem to encompass information that is already referenced in other unsealed filings. The redactions in paragraph 39 may be permissible in part but some redactions (*e.g.,* Doc. 102 at 35, lines 15, 16, and 19) appear overbroad because they seek to exclude information that is already referenced in other unsealed filings. The redactions in paragraphs 52 and 53 are overbroad for similar reasons. It is unclear why the redactions in paragraph 58 are necessary to avoid competitive harm, as they are generic in nature and constitute the core allegations of fraud that GoDaddy wishes to pursue. And the redactions in paragraphs 59 and 73 seem overbroad because it is unclear why anything apart from the other companies' names should be redacted.

Finally, as for the First Addendum and Second Addendum, although the Court accepts that specific pricing terms within these documents may be subject to redaction, the parties have not attempted to explain why the documents should instead be sealed in their entirety. This approach is particularly difficult to understand given the centrality of these contracts to the parties' claims and the many references to these documents, and their general contours, in other unsealed filings in this case.

For these reasons, the parties' stipulation will be denied without prejudice. The Court notes that the process of reviewing the proposed stipulations was tedious, time-consuming, and complicated by the parties' seeming failure to carefully consider whether each proposed redaction was, in fact, necessary. This is a common problem in commercial litigation, as many courts have recognized:

> The issue that [the motion to seal] presents is illustrative of a much broader problem: the practice of counsel in complex civil cases using the sealing privilege excessively, without careful consideration of whether it is appropriate in particular instances. The problem for judges is that such requests are seldom opposed—the would-be opposing party has access to the materials and doesn't particularly care whether the public has access as well. Worse, the would-be opposing party frequently hopes to be able to use the sealing mechanism itself and therefore understands that consenting to a motion to seal is the best way to maximize the chance that it will be able to use the sealing mechanism without resistance when its turn comes up. That

> leaves the judge in the position of having to decide a sometimes complex issue of sealing or redaction with no adversarial briefing and often, as in this case, with only a perfunctory submission from the party seeking relief. . . . Because the policing process is so time-consuming, and because judges have limited access to information that is often important in evaluating claims of confidentiality, the responsibility ultimately falls on counsel to police themselves and to instruct their clients that judges often do not respond well to unreasonable efforts to keep as much out of the public record as possible.

*Lipocine Inc. v. Clarus Therapeutics, Inc.*, 2020 WL 4569473, *7 (D. Del. 2020).

Should the parties wish to wish to make another attempt to seal or redact any of the materials in question, they must file a motion that identifies, with specificity, each sentence or phrase that is the subject of the sealing or redaction request and explains, with specificity, why the disclosure of that particular sentence or phrase would cause competitive harm.[1]

Accordingly,

**IT IS ORDERED** that the parties' stipulation to redact information from certain documents and to file certain other documents under seal (Doc. 97) is denied without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 5.6(e), the lodged documents will not be filed, but will remain under seal. The Court will extend the time provided by LRCiv 5.6(e) for GoDaddy to act. GoDaddy may, within **15 days** of the entry of this Order, (1) file unredacted versions of the documents in the public record or (2) file a new motion to seal that conforms with the requirements delineated in this order.

Dated this 14th day of August, 2020.

Dominic W. Lanza
United States District Judge

---

[1] The Court recognizes that it granted an earlier sealing request without requiring the sort of detailed showing now being required. (Doc. 80 at 10 n.6.) This may explain why the parties believed the current stipulation would suffice.