**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SiteLock LLC, | No. CV-19-02746-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

    This Court's standard practice, which is followed by many other judges in this District and is reflected in the Rule 16 scheduling order in this case, is to prohibit the parties from filing written discovery motions without leave of court. (Doc. 22 at 4-5.) Instead, "if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation . . . the parties shall jointly file (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party, and (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse." (*Id.*) "Upon review of the written submission, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing." (*Id.*)

    There is a reason for this approach. The traditional motion-to-compel process takes time. The aggrieved party must file a motion, the opposing party has two weeks to file a response, and the aggrieved party has another week to file a reply. *See* LRCiv 7.2(c), (d).

After the motion becomes fully briefed, the Court must then determine how to triage it with the many other motions filed in the hundreds of cases on its busy docket. The inevitable result of all of this is that a discovery dispute presented in the form of a motion to compel will likely not be resolved until at least a month or two after the dispute arose.

In the Court's view, such delay poses a high risk of interfering with "the just, speedy, and inexpensive determination" of the action. *See* Fed. R. Civ. P. 1. This is because unresolved discovery disputes can have a domino effect on the rest of the case. For example, unresolved disputes over document production can interfere with the scheduling of depositions. This delay can, in turn, thwart with the parties' efforts to comply with the discovery deadline specified in the Rule 16 scheduling order. And so on and so on.

The Court's informal discovery-dispute procedure represents an attempt to avoid these problems. It allows the parties to present their dispute in a streamlined manner and to obtain an answer from the Court much more quickly than would be possible via a motion to compel.[1] Although this approach also creates some case-management tradeoffs, in that it effectively allows parties with discovery disputes to "jump the line" over other cases with pending motions, the Court's general experience is that the tradeoff is worth it because discovery disputes generally don't consume many judicial resources—after taking a few minutes to review the parties' joint summary and then holding a telephonic hearing, it is usually possible to come to a resolution.

This case represents an exception to this general rule. Time and again, the parties have bombarded the Court with voluminous discovery disputes, often cramming multiple disputed issues into the same notice (while still filing multiple notices) in a seeming effort to downplay the magnitude of the issues presented.

First, in February 28, 2020, SiteLock filed two notices and GoDaddy filed a third. (Docs. 32, 33, 34.) SiteLock's notices raised disputes over seven different requests for production ("RFPs") and three different interrogatories while GoDaddy's notice raised

---

[1] Additionally, because the dispute is not presented as a formal motion, Rule 37(a)(5)—which provides that the Court "must" award costs and fees to the prevailing party unless certain exceptions are present—is inapplicable.

disputes over three different RFPs and five different interrogatories. (*Id.*) The parties also filed over 50 pages of supporting exhibits. (*Id.*) The resulting telephonic discovery hearing, held on March 5, 2020, took two hours to complete. (Doc. 36.) It also became evident during the hearing that the parties hadn't adequately met-and-conferred before seeking judicial intervention, prompting the Court to emphasize the need for better cooperation in the future. (*Id.* at 2.)

Next, on June 23, 2020, the parties filed another salvo of discovery-dispute notices. (Docs. 70, 72, 73.) GoDaddy filed one notice that raised disputes over one RFP, one interrogatory, and the adequacy of SiteLock's damages disclosures and included 317 pages of exhibits. (Doc. 70.) SiteLock filed two notices that raised disputes over five different RFPs and six different interrogatories and included 428 pages of exhibits. (Docs. 72, 73.) The resulting telephonic discovery hearing, held on July 14, 2020, took nearly an hour and a half to complete. (Doc. 87.) Although the Court was able to resolve many of the disputes, it ordered the parties to engage in additional meet-and-confer efforts with respect to a handful of issues and instructed the parties that, if they couldn't reach agreement, they were forbidden from presenting the resulting disputes in the form of a joint discovery-dispute notice—instead, the party seeking discovery would be required to file a motion to compel and the parties were advised that the prevailing party would likely be awarded its costs and fees. (*Id.* at 1.)

Perhaps predictably, given their seeming inability to agree on just about anything related to discovery in this case, the parties were unable to reach agreement during the resulting meet-and-confer process. Accordingly, in late August and early September 2020, each side filed a voluminous motion to compel. (Docs. 121, 124.) Those motions are not yet fully briefed.

Finally, on September 18, 2020, the parties filed even more discovery-dispute notices. (Docs. 147, 152, 154.) GoDaddy filed one notice that raises disputes over 10 different RFPs and includes 259 pages of exhibits. (Doc. 147.) SiteLock filed two notices that raise disputes over 30 different RFPs, five different interrogatories, and a handful of

other issues and include 1,033 pages of exhibits. (Docs. 152, 154.) Earlier today, GoDaddy filed an array of objections to SiteLock's filings, including a motion to strike and supporting materials (Docs. 155, 156, 157), a request for expedited consideration (Doc. 158), and an objection to some of the SiteLock's exhibits (Doc. 159).

It is painfully obvious that the informal discovery-dispute process is not working in this case. Accordingly, the parties will no longer be afforded the privilege of utilizing it. Instead, a party seeking discovery must file a motion to compel and the Court will rule on fully briefed motions in due course. The parties' seeming inability to agree on anything is dismaying and will be dealt with appropriately when the time comes to address costs and fees under Rule 37(a)(5).

Accordingly,

**IT IS ORDERED** that:

(1) GoDaddy's notice of discovery dispute (Doc. 147) is **denied without prejudice** to GoDaddy's ability to present the disputes addressed therein in the form of a motion to compel.

(2) SiteLock's notices of discovery dispute (Docs. 152, 154) are **denied without prejudice** to SiteLock's ability to present the disputes addressed therein in the form of a motion to compel.

(3) The parties' stipulation to seal (Doc. 148) and SiteLock's motion to seal (Doc. 150) are **denied** as moot.

(4) GoDaddy's motion to strike (Doc. 155) is **denied** as moot.

(5) GoDaddy's objection (Doc. 159) is **denied** as moot.

…

…

…

…

…

…

(6)   The parties may no longer utilize the Court's informal discovery dispute process in this action. Paragraph 7(a) of the scheduling order (Doc. 22 at 4-5) is vacated. To the extent the parties have discovery disputes, they shall confer and attempt to resolve the disputes, and if that is not possible, they shall file motions to compel. Any motion to compel shall be accompanied by the certification required by Local Rule of Civil Procedure 7.2(j).

Dated this 21st day of September, 2020.

Dominic W. Lanza
United States District Judge