1   Paula L. Zecchini, AZ Bar No. 031880
    Nathan Dooley, admitted *pro hac vice*
2   Sydney R. Hitchcock, admitted *pro hac vice*
    COZEN O'CONNOR
3   999 Third Avenue, Suite 1900
    Seattle, WA  98104
4   Telephone: (206) 340-1000
    Facsimile: (206) 621-8783
5   Email: pzecchini@cozen.com
           ndooley@cozen.com
6          sydneyhitchcock@cozen.com

7

8   Attorneys for Defendant
    GoDaddy.com, LLC

9

10

11                    UNITED STATES DISTRICT COURT

12                        DISTRICT OF ARIZONA

13  SiteLock, LLC,                      Case No.: 2:19-cv-02746-DWL

14           Plaintiff,                 **DEFENDANT GODADDY.COM,
                                        LLC'S MEMORANDUM OF
15      v.                              LAW IN SUPPORT OF MOTION
                                        TO STRIKE PORTIONS OF
16  GoDaddy.com, LLC,                   PLAINTIFF SITELOCK, LLC'S
                                        REPLY BRIEF [DKT. NO. 170]
17           Defendant.                 AND EVIDENCE SUBMITTED
                                        IN SUPPORT THEREOF, OR IN
18                                      THE ALTERNATIVE, MOTION
                                        FOR LEAVE TO FILE A SUR-
19                                      REPLY**

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Plaintiff SiteLock, LLC ("SiteLock") has now resorted to clandestinely altering the transcripts of the parties' meet-and-confer conferences to support its motion practice.  In proceedings that are already difficult, contentious and unnecessarily time-consuming, this is a new low.  Defendant GoDaddy.com, LLC ("GoDaddy") is evaluating other avenues of recourse to address this ethical lapse, but for now merely requests pursuant to Local Rule of Civil Procedure 7.2(m) that the Court strike the portions of SiteLock's Reply brief ("Reply") set forth herein as well as the Declaration of Thomas Schultz ("Schultz Declaration"), and accompanying exhibits, filed by SiteLock in Support of its Motion to Compel Production of Documents in Response to RFPs 53-55 ("Motion") [Dkt. No. 170].

SiteLock's Reply is objectionable for the ordinary reason that it (a) advances arguments not raised in SiteLock's Motion in reliance on new evidence not submitted with the Motion, and (b) based on those arguments and evidence, seeks to modify the relief sought by way of the Motion, without affording GoDaddy an opportunity to respond to same.  While GoDaddy's Motion to Strike is relatively routine, the circumstances surrounding SiteLock's submission of a surreptitiously secured and unilaterally revised copy of the *certified* transcript of the May 22, 2020 conference call between the parties as Exhibit 5 to the Schultz Declaration are decidedly not.  Having been called out for blatantly misrepresenting a statement contained in the certified transcript of the May 22, 2020 call, SiteLock apparently engaged in *ex parte* communications with the court reporter to effect a material change to one of Mr. Schultz's statements without any supporting evidence.  *See* Dkt. No. 170-1 at ¶¶ 52-63.  Worse yet, the change is based on nothing more than Mr. Schultz's notoriously—if not intentionally—poor memory, *which is the very reason that GoDaddy insisted on having its meet and confer calls transcribed in the first place*. [1]

---

[1] The docket is replete with instances evincing Mr. Schultz's inaccurate recollections of events in this litigation. *See, e.g.*, Dkt. No. 73-7 at pgs. 4-5 (April 15, 2020 correspondence to Mr. Schultz advising that "[d]ue to SiteLock's continued attempts to misrepresent the record, GoDaddy insists that all such calls now be transcribed," and noting that "SiteLock mischaracterized the parties' prior attempts to meet and confer during the March 5 hearing with the Court,"); Dkt. No. 77-2 at Exhibit B (June 22, 2020 correspondence responding to

There is simply no justification for Mr. Schultz's conduct in securing a covert, self-serving revision to a *certified* transcript from a court reporter that was hired by GoDaddy over SiteLock's objection *precisely* to abate Mr. Schultz's repeated mischaracterizations of the communications between the parties.  If Mr. Schultz truly believed there was a material error in the transcript—as in, the difference between him stating SiteLock had "a claim" versus had "no claim" with respect to the breadth of SiteLock's breach of contract claim as to the endeavor-to-promote clause—he was, at the very least, required to apprise both GoDaddy— ***and this Court***—of that issue in SiteLock's Motion, instead of attempting to gloss over that material error with an ellipsis.  *See* Dkt. No. 121 at 4:26-28.  At no time prior to filing the Reply did SiteLock or Mr. Schultz alert GoDaddy to their belief that the four-month-old transcript, which was relied upon by both parties in past filings, contained a material error. *See* Zecchini Declaration ("Zecchini Decl.") at ¶¶ 5-6. Nor did SiteLock or Mr. Schultz alert GoDaddy to the fact that just *one* day after GoDaddy filed its Opposition brief, Mr. Schultz served the court reporter with an "errata sheet" and received a modified transcript in return. *Id.* at ¶ 12.

Instead, Mr. Schultz confirmed with the court reporter that there was no audiotape of the call to which the reporter could compare the errata sheet, thereby allowing Mr. Schultz to alter the transcript based solely on his "recollection," as memorialized by the errata sheet itself. *See* Zecchini Decl. at ¶¶ 12-15.  If Mr. Schultz was confident in his recollection, however, he

---

Mr. Schultz's inaccurate recollection of comments he made with respect to his belief that a discovery deadline in this matter specifically called for "substantial completion" on a recently transcribed meet and confer with a copy of the relevant transcript: "With all due respect, this email is Exhibit BBB in support of the reason our office finally insisted on transcribing our meet and confer calls, and why the conduct of this litigation has become an increasingly costly and time-consuming endeavor for both parties.  Your email below is especially troubling given that it appears you are unable to recall whole portions of our conversation of approximately one week ago, while simultaneously professing under oath to have a total recall of conversations from a hearing that occurred three months ago."); Dkt. No. 79 at ¶ 8, Exhs. C and D (June 26, 2020 declaration proving as false SiteLock's unsupported recollection regarding the motivations behind the parties' two-tiered protective order, which was agreed ten months prior by Mr. Schultz); Dkt. No. 135-1 at p. 59-60 (September 10, 2020 correspondence in which Mr. Schultz again failed to recall that there is no "substantial completion" deadline in this action with respect to written discovery, requiring yet another correction by counsel for GoDaddy).

would have served the errata sheet on GoDaddy at the same time he served the court reporter. Instead, he kept it hidden.  If Mr. Schultz was unsure about his recollection but wanted to be candid, he would have first asked the court reporter if there was audiotape for the call, and copied GoDaddy on the request.  Instead, Mr. Schultz did not tell GoDaddy—*or this Court*— that he believed the transcript that SiteLock submitted to the court in conjunction with the joint summary filed on June 23, 2020 and further relied upon by SiteLock in support of its Motion, though not attached thereto, might be inaccurate.  He waited until he was certain no audiotape could contradict him before making use of a transcript that was apparently altered to reflect *his* errata sheet, and *his* purported memory—indeed, both GoDaddy and the Court are left to assume this fact because the Schultz Declaration makes clear that having secured a revised transcript containing his preferred recollection of events, notwithstanding the lack of an audio record, Mr. Schultz suddenly lost all curiosity as to how or why the change was made.  *See* Dkt. No. 170-1 at ¶¶ 61-63.

SiteLock's Reply, the Schultz Declaration and its attached exhibits represent a misguided and improper attempt by SiteLock to overcome the hurdles associated with its failure to adequately engage in the meet and confer process prior to filing its perfunctory Motion.  GoDaddy should not be prejudiced by SiteLock's unilateral decision to prematurely move to compel, nor should SiteLock benefit from its egregious decision to improperly file and rely upon new arguments in its Reply.  As such, GoDaddy respectfully requests that the Court strike the relevant portions of SiteLock's Reply, as set forth below, as well as the Schultz Declaration and its exhibits.  In the alternative, GoDaddy seeks an order granting GoDaddy leave to file a sur-reply for the limited purpose of responding to the new arguments raised in the Reply, as well as the new evidence submitted in support of SiteLock's Motion.

## II.   RELEVANT FACTUAL BACKGROUND

On August 31, 2020, SiteLock filed its Motion.  *See* Dkt. No. 121.   In support of the Motion, SiteLock submitted eight exhibits, *see* Dkt. Nos. 121-1 to 121-8, but *no supporting declaration*.  On September 24, 2020, GoDaddy filed its Opposition thereto.  *See* Dkt. No.

164.  GoDaddy's Opposition included a sworn declaration from Paula Zecchini, along with extensive supporting documentation.  *See* Dkt. No. 165.

On October 6, 2020, SiteLock filed its Reply in support of its Motion.  *See* Dkt. No. 170.  SiteLock's Reply asserts new arguments based on evidence not previously set forth in the moving papers, but rather submitted for the first time along with the Reply by way of the Schultz Declaration, and includes five supporting exhibits, one of which is a modified version of the transcript of the parties' May 22, 2020 call.  *Id.*  Based on these new arguments and evidence, SiteLock also seeks a modified order for relief from that previously sought by way of its Motion.  *Compare e.g.,* Dkt. No. 121 at 14:22-24 *with* Dkt. No. 170 at 11:16-24.

## III.   PORTIONS OF REPLY BRIEF TO BE STRICKEN

GoDaddy seeks to strike (a) all argument supported by new evidence improperly submitted in connection with SiteLock's Reply; (b) all portions of the Reply wherein SiteLock seeks new relief that was not requested in the original motion; and (c) the Schultz Declaration in its entirety and all exhibits attached thereto.

With specific reference to SiteLock's Reply brief, GoDaddy moves to strike the following pages and lines that improperly rely upon new evidence or argument:

- ·  1:08-15 (argument relying on new evidence pertaining to SiteLock's attempts to meet and confer *after* filing its Motion)
- ·  2:21-23 (argument based on new evidence in the form of Schultz Declaration)
- ·  3:04-28 (argument based on "corrected" transcript)
- ·  4:18-25 (argument relying on declaration of *SiteLock's counsel* to support new argument about GoDaddy's business & employees)
- ·  5:13-22 (argument relying on Schultz Declaration to support a new claim that that different search terms should have been utilized)
- ·  6:4-12 (argument based on new evidence regarding .pdf document that SiteLock failed to discuss prior to filing its premature Motion)

///

1 · 7:21-24 (argument relying on new evidence to support the claim that GoDaddy
2 should be sanctioned for not meeting and conferring *after* SiteLock filed its
3 premature Motion)

4 · 8:7-14 (argument relying on new evidence excluded from original Motion to
5 support the claim that GoDaddy failed to meet and confer prior to SiteLock filing
6 SiteLock's premature Motion);

7 · 8:15-22 (argument relying on new evidence excluded from the initial Motion to
8 construct an alternative history to the parties' meet and confer correspondence)

9 · 9:1-9 (argument relying on new evidence to recite SiteLock's attempts to meet
10 and confer *after* filing a premature Motion)

11 · 11:9-14 (argument relying on new evidence to support claim that GoDaddy
12 should have conferred with SiteLock *after* it filed its premature Motion).

13 GoDaddy also moves to strike all portions of SiteLock's Reply where it seeks new relief
14 not set forth as part of its Motion.  SiteLock seeks new relief in its Reply by asking the Court
15 to compel production of *a narrower* request than SiteLock propounded, having failed to meet
16 and confer on the breadth of its Requests or the number of custodians contemplated by its
17 original, overbroad Requests, as ordered by the Court on July 14, 2020.  *See* Dkt. No. 87.
18 SiteLock argues, for example, that "GoDaddy should be ordered to (a) search the emails of the
19 30 employees it has reason to believe were most likely to have directly participated in the
20 campaign to switch customers from SiteLock to Sucuri or communicated internally or with
21 customers about switching from SiteLock to Sucuri between March 2017 and June 2018 for
22 emails responsive to RFPs 53-55," Dkt. No. 170 at 1:25-2:04, but that is not what SiteLock's
23 RFPs, or its original Motion, requested.  As set forth more fully below, this is clearly improper,
24 as it demands *new relief* in a reply, and the following pages and lines should be stricken from
25 SiteLock's brief:

26 · 1:16-25 (argument that GoDaddy should be ordered to produce wholesale
27 documents not implicated by or responsive to original Motion or RFPs at issue)

28

1          ·   1:25-2:04 (set forth in the paragraph above)

2          ·   1:26-2:07 (argument that GoDaddy should be ordered to produce documents

3               from unidentified custodians pursuant to a wholly redefined RFP not at issue in

4               SiteLock's original Motion, or RFPs)

5          ·   4:11-5:08 (argument that GoDaddy should be ordered to produce documents

6               from unidentified custodians pursuant to a wholly redefined RFP not at issue in

7               SiteLock's original Motion, or RFPs

8          ·   5:13-22 (argument that GoDaddy should be ordered to produce documents from

9               unidentified custodians pursuant to a wholly redefined RFP not at issue in

10             SiteLock's original Motion, or RFPs)

11        ·   6:4-12 (argument that GoDaddy should be ordered to produce wholesale  a .pdf

12             document containing communications not implicated by or responsive to

13             original Motion or RFPs)

14        ·   6:13:7:02 (argument proposing search terms not discussed in SiteLock's Motion

15             or in the parties' correspondence prior to the filing of the premature Motion and

16             seeking an order requiring GoDaddy to produce wholesale a .pdf document

17             containing communications not implicated by or responsive to original Motion

18             or RFPs)

19        ·   7:03-15 (argument that GoDaddy produce a .pdf without further review for

20             privilege or confidentiality, despite the fact that SiteLock cut off any attempt to

21             even discuss this document prior to filing its Motion and such an order would

22             require GoDaddy to produce wholesale a .pdf document containing

23             communications not implicated by or responsive to original Motion or RFPs)

24        ·   11:16-24 (SiteLock demands relief that differs from the relief requested in its

25             Motion).

26  ///

27  ///

28

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   ARGUMENT

It is well-established that a moving party is not permitted to offer new evidence or arguments in a reply brief.  *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (court should not consider new evidence submitted in reply without affording non-moving party opportunity to respond).  Courts routinely strike such filings where, as here, a moving party abuses its right to rebut opposition papers by introducing such new evidence or arguments for the first time in a reply.  *See id.*  Indeed, it is well established in this District that "where new arguments and new evidence is submitted for the first time in a reply brief, the arguments and evidence may be stricken."  *MJG Enterprises, Inc. v. Cloyd*, No. CV-10-0086-PHX-MHM, 2010 WL 3842222, *6 n.1 (D. Ariz. Sept. 27, 2010) (collecting cases); *see also Giunta v. City of Phoenix*, No. CIV-07-1647-PHX-MHB, 2008 WL 276355, *2 (D. Ariz. Jan. 29, 2008); *AIRFX.com v. Air FXLLC*, No. CV 11-01064-PHX-FJM, 2012 WL 129804, *1 (D. Ariz. Jan. 17, 2012) (citing *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)); *Garcia v. Regis Corp.*, No. CV09-1282-PHX-DGC, 2010 WL 1408825, *2 n.3 (D. Ariz. Apr. 7, 2010); *Expeditors Int'l of Wash.*, *Inc. v. Synergy Cargo Logistics*, *Inc.*, No. CV-10-1347-PHX-GMS, 2010 WL 5344790, at *1 (D. Ariz. Dec. 21, 2010).

SiteLock affirmatively and unilaterally decided to file this Motion prior to the completion of good faith meet and confer efforts, and on an arbitrarily shortened time frame.  *See* Dkt. No. 164 at 7:16-9:25.  In doing so, SiteLock chose to rely on a handful of select (and incomplete) exhibits unsupported by a sworn declaration, and to seek broad relief to which it knew it was not entitled.  *See generally* Dkt. No. 121.  SiteLock's attempt to retroactively bolster its Motion—and modify the relief sought therein—with a Reply brief that is based on new arguments built around new evidence more than a month after filing is a tacit admission that it failed to meet its initial burden.  The Court's holding in *Golden West Fin. v. WMA Mortgage Services., Inc*., No. C 02-05727 CRB, 2003 WL 1343019, at *4 (N.D. Cal. Mar. 13,

7

2003) is instructive.  In striking evidence submitted for the first time in reply brief, the *Golden West* Court observed that "Plaintiffs have offered no justification for their failure to submit their survey evidence in connection with their initial moving papers; instead, it appears that after defendants filed their opposition plaintiffs realize their moving papers were insufficient and therefore hastily commissioned [additional evidence] to bolster their motion."  The same logic applies here, and for the same reasons, this Motion to Strike should be granted.

Moreover, by submitting a Reply brief full of new arguments supported at every turn by citation to the belated Schultz Declaration and supporting exhibits, including the altered Exhibit 5, SiteLock deprived GoDaddy of the opportunity to respond not only to the new arguments and issues contained in the Reply brief, but to the modified request for relief under the pending Motion.  *See Galvez v. Valley Capital Bank, N.A.*, No. CV-10-1602-PHX-GMS, 2011 WL 2552729, at *5 (D. Ariz. June 28, 2011) ("Arizona Local Rule of Civil Procedure 7.2 generally does not allow sur-replies."); *see also Beltran v. USA Auto Inc.*, No. CV-14-02247-PHX-GMS, 2015 WL 12672084, at *1 (D. Ariz. Feb. 23, 2015) ("The Local Rules do not authorize filing a surreply without leave of court.").  Thus, SiteLock gamed the briefing schedule to submit its Motion effectively unopposed.

SiteLock also deprived GoDaddy of an opportunity to assert the necessary evidentiary objections to the exhibits, including the altered Exhibit 5, and to provide the Court with a responsive declaration to the dubious assertions in the Schultz Declaration.  *See* LR Civ. 7.2(m)(2) (requiring "objection[s] to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion [to] be presented in the objecting party's responsive or reply memorandum").  Because SiteLock's tactical maneuver improperly denied GoDaddy the opportunity to respond to the arguments and evidence therein, the Court should strike the Reply.  *See Tovar v. U.S. Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking portions of reply brief that presented new information because the appellee was deprived of an opportunity to respond).

///

1  For these reasons, if the Court decides to consider the new arguments and evidence

2  submitted by SiteLock in relation to its improper Reply instead of simply striking same,

3  GoDaddy requests leave to file a sur-reply in order to respond to the new arguments and

4  evidence submitted by SiteLock in its Reply briefing and the concurrently filed Schultz

5  Declaration.  Granting leave to file a sur-reply brief lies in the sound discretion of the Court,

6  and it is well accepted in this jurisdiction that the need to address new arguments and evidence

7  raised for the first time in a reply brief is grounds for the favorable exercise of that discretion.

8  *See Bleeker v. Johanns*, No. CV-07-0413-PCT-SMM, 2009 WL 4730931, *2 (D. Ariz. Dec.

9  2, 2009), aff'd sub nom., *Bleeker v. Vilsack*, 468 Fed. Appx. 731 (9th Cir. 2012); *Frank v.*

10  *Certain Underwriters at Lloyds London Syndicate 4141*, No. CV-10-00381-PHX-NVW, 2011

11  WL 1770536, * 1 (D. Ariz. May 10, 2011); *Taylor v. USAA Cas. Ins. Co.*, No. CV-09-02117-

12  PHX-NVW, 2011 WL 1237579, *1 (D. Ariz. Apr. 4, 2011). GoDaddy, therefore, requests that

13  the Court exercise its discretion to permit GoDaddy to file a sur-reply if SiteLock's Reply and

14  supporting Declaration are not simply stricken.

15  GoDaddy did not and could not have known of the new arguments and requests for

16  relief that SiteLock intended to raise in its Reply brief at the time it filed its Opposition, nor of

17  SiteLock's intent to modify the evidence relied on in support of its Motion to conform with its

18  desired narrative.  Zecchini Decl. at ¶¶ 5-6, 10.  GoDaddy, furthermore, could not have

19  addressed the altered Exhibit 5—which did not come into existence until after the filing of

20  GoDaddy's Opposition—given that SiteLock's counsel secured a revised copy of the

21  transcript solely to cure the failures in its original Motion.  Dkt. No. 170-1 at ¶¶ 52-63.  As

22  such, there exists a compelling reason for allowing GoDaddy to file a sur-reply if the relevant

23  portions of the Reply, and the entirety of the supporting Schultz Declaration and its exhibits,

24  are not stricken.  *See Galvez*, 2011 WL 2552729, at *5.

25  **V.    CONCLUSION**

26  In light of SiteLock's procedural failings, the Court should decline to consider the

27  Reply and strike it, along with the Schultz Declaration and its exhibits, from the record.

28

Alternatively, GoDaddy should be granted the opportunity to submit a sur-reply brief, which directly responds to the Reply, new evidence submitted in support thereof, and the modified relief sought thereby.

Dated:  October 8, 2020

**COZEN O'CONNOR**
Paula L. Zecchini
Nathan Dooley
Sydney R. Hitchcock


By:  *s/ Paula L. Zecchini*
       Paula L. Zecchini

Attorneys for Defendant
GODADDY.COM, LLC

**GODADDY.COM, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFF SITELOCK, LLC'S REPLY BRIEF [DKT. NO. 170] AND EVIDENCE SUBMITTED IN SUPPORT THEREOF, OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A SUR-REPLY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Arizona that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas A. Gilson
Beus Gilbert PLLC
701 N. 44th Street
Phoenix, Arizona 85008
(480) 429-3000
tgilson@beusgilbert.com

Counsel for Plaintiff

Kevin B. Huff
Thomas G. Schultz
Kellogg, Hansen, et al.
1615 M Street, N.W. Suite 400
Washington, DC 20036
(202) 326-7900
khuff@kellogghansen.com
tschultz@kellogghansen.com

SIGNED AND DATED this 8th day of October, 2020 at Seattle, Washington.

COZEN O'CONNOR

By:   _s/ Paula Zecchini_____
      Paula Zecchini

11