**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SiteLock LLC, | No. CV-19-02746-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

Pending before the Court is SiteLock's motion to amend the case management order. (Doc. 302.) Upon receipt of the motion, the Court issued an order setting forth its tentative thoughts and solicited expedited briefing. (Doc. 304.) Having now reviewed that briefing (Docs. 310, 312), the Court will stick with its tentative ruling—the expert deadlines will be modified but no other changes will be made.

**DISCUSSION**

As an initial matter, SiteLock's requests to modify the deadlines set forth in the scheduling order, as well as the alternative modification requests set forth in GoDaddy's response (Doc. 310 at 3), are governed by Rule 16(b)(4)'s "good cause" standard. *Johnson v. Mammoth Recreations*, *Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). This "standard primarily considers the diligence of the party seeking the amendment . . . . If that party was not diligent, the inquiry should end." *Id.* at 609. Additionally, many courts have declined to find "good cause" to modify a scheduling order where the request is premature or otherwise filed in anticipation of hypothetical future events. *See, e.g., Davis v. Ramen*,

2010 WL 1791253, *2 (E.D. Cal. 2010) ("It is not yet clear that Plaintiff will be unable to meet the deadlines set forth in the scheduling and discovery order. Thus, Plaintiff's request for a modification of the scheduling and discovery is premature."); *Palomino v. O'Leary*, 2010 WL 3025582, *3 (N.D. Ill. 2010) (movant failed to establish good cause to modify the deadline for amending the pleadings, where request was based on movant's belief that it might, in the future, discover a new cause of action: "At this point in the litigation, [the] request to extend the deadline . . . is denied as premature.").

Applying these standards, SiteLock's first request—to reopen the Rule 30(b)(6) deposition of GoDaddy—is denied without prejudice. During the initial Rule 30(b)(6) deposition of GoDaddy, SiteLock had a full and fair opportunity to question GoDaddy's representatives concerning the columns in the spreadsheet that GoDaddy produced in response to Interrogatory No. 5. (Doc. 311 ¶ 3.) In the recent order granting SiteLock's motion to compel, the Court ordered GoDaddy to "(1) supplement its response to SiteLock's Interrogatory No. 5 by producing a chart that reflects the additional transactions in which a SiteLock service, product, or subscription was otherwise acquired (but this chart need not include all of the fields called for by Interrogatory No. 5, to the extent some fields may be inapplicable); and (2) produce the records associated with those additional transactions." (Doc. 291 at 18.) Given this backdrop, SiteLock's argument as to why additional deposition time is needed—"without an additional deposition, SiteLock *might* be unable to decipher the supplemental transactional information produced by GoDaddy" (Doc. 302 at 5, emphasis added)—is speculative and hypothetical. Such speculation does not constitute good cause under Rule 16(b)(4).

SiteLock's next request—to authorize the submission of supplemental expert reports "limited to addressing the new information produced by GoDaddy" and then authorize supplemental expert depositions limited to this new information—is granted. Here, the need for such supplementation isn't speculative. It is clear that the new information GoDaddy has been ordered to produce will affect the experts' damage calculations. The Court also finds that SiteLock was diligent in seeking this particular form

of relief. GoDaddy's position is that SiteLock should have asked for a modification of the expert deadlines months earlier, based on the possibility that GoDaddy would later be ordered to produce additional records in response to a motion to compel, and thus displayed a lack of diligence by waiting until now to make the modification request. The problem with this argument is that an earlier request on these grounds would have been premature—it was only after the Court granted SiteLock's motion to compel that a corresponding need to adjust the expert deadlines arose. Although some district courts appear to have required anticipatory modification requests in this circumstance, as noted in the cases cited in GoDaddy's response, the Court interprets Rule 16(b)(4)'s "good cause" standard as frowning on premature modification requests premised on hypothetical future developments.

Finally, GoDaddy sets forth a proposed alternative schedule of more liberally extended deadlines which "would be more manageable for the parties and less likely to generate additional motion practice." (Doc. 310 at 3.) This request is based, in part, on the notion that SiteLock "cannot keep the schedule it proposed" due to the unavailability of SiteLock's expert until May 26, 2021. (*Id.* at 2.) However, SiteLock's proposed deadline for its supplemental expert report is five days later—May 31, 2021—and SiteLock maintains that its "proposed modifications to the CMO . . . are readily achievable." (Doc. 312 at 5.) Given this assurance, the Court is comfortable holding SiteLock to the new deadlines it has requested.

GoDaddy also contends its alternative modification requests should be granted because it recently filed a motion for discovery sanctions in this action (Doc. 306) and recently filed motions to compel in the Northern District of Texas and the District of Massachusetts (Docs. 305, 309). According to GoDaddy, a favorable ruling on any of those motions might necessitate the reopening of, or otherwise affect the scope of, the expert depositions in this case. (Doc. 310 at 3.) Although the Court appreciates and shares GoDaddy's interest in efficient litigation and avoiding future motions practice, this marks another instance where the modification request is based on hypothetical future events that

may or may not occur. The Court is unwilling to inject several additional months of delay into the schedule in this case, which has already been extended on multiple occasions, to account for such speculative possibilities. If GoDaddy obtains a favorable ruling on any of the aforementioned motions, it can make a corresponding request for modification of the case management order at that time.

Accordingly,

**IT IS ORDERED** that SiteLock's motion to amend the case management order (Doc. 302) is **granted in part and denied in part**. The case management order is amended as follows:

(1) By May 31, 2021, SiteLock is permitted to submit one supplemental expert report limited to addressing the new documents and information produced by GoDaddy in response to the Court's April 22 Order, Dkt. No. 291.

(2) By June 11, 2021, GoDaddy is permitted to submit one supplemental expert report responding to SiteLock's supplemental expert report.

(3) Between June 14 and June 18, 2021, each party may take one two-hour supplemental deposition of the other party's expert, limited to addressing issues raised in the other party's expert's supplemental report.

(4) All other deadlines in the case management order remain unchanged.

Dated this 14th day of May, 2021.

Dominic W. Lanza
United States District Judge