**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SiteLock LLC, | No. CV-19-02746-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

Pending before the Court is GoDaddy's motion to modify the case management order and continue the trial date. (Docs. 499, 500.) Following expedited briefing (Docs. 503, 504, 505), the motion is now ripe for resolution. For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

A.   General Case Developments

This case was filed in April 2019 (Doc. 1), so it already has been pending for three-and-a-half years. It has generated extensive, often contentious motion practice on a wide range of issues.

In March 2022, after resolving the parties' cross-motions for summary judgment, the Court issued an order requiring the parties to meet and confer and then file a notice concerning potential trial dates. (Doc. 436.) In the notice, the parties stated that "the earliest dates on which the Parties are currently available to begin trial are November 1, 2022, or November 8, 2022." (Doc. 443 at 2.) Accordingly, the Court issued an order

setting a trial date of November 1, 2022.  (Doc. 444.)

B.     Expert Developments

Under the original scheduling order, the deadline for filing motions to exclude expert testimony was November 2, 2020.  (Doc. 22.)  However, following various extension requests and extensions, that deadline was extended to July 19, 2021.  (Doc. 318.)

On July 12, 2021, a week before that deadline expired, GoDaddy filed a motion for another extension.  (Docs. 330, 331.)  In support of this request, GoDaddy explained that it had issued Rule 45 subpoenas to obtain information from two of SiteLock's experts (Dr. Steven Kursh and Rhonda Harper), that it had been forced to file motions to compel with respect to those subpoenas, that the motion-to-compel litigation (which was occurring in the District of Massachusetts with respect to Dr. Kursh and the Northern District of Texas with respect to Harper) remained unresolved, and that it needed the subpoenaed materials in order to prepare its *Daubert* and summary judgment motions.  (*Id.*)

Following a hearing on July 15, 2021, the Court agreed to extend the deadline for *Daubert* motions to August 16, 2021 and stated that "when a decision is issued in either the Texas case or the Massachusetts case . . . counsel are to immediately meet and confer and file a joint notice no later than 3 business days from the date the decision is rendered advising the Court regarding the next steps to be taken in this case in light of the decision. The Court will then schedule a status hearing to discuss the parties' joint notice."  (Doc. 336.)

One week later, on July 22, 2021, the parties filed a joint notice informing that Court that GoDaddy's motion to compel in the District of Massachusetts concerning Dr. Kursh had been denied.  (Doc. 339.)  Accordingly, GoDaddy was able to file its *Daubert* motion with respect to Dr. Kursh by the August 16, 2021 deadline.  (Docs. 356, 357.)  The Court resolved that motion in the same March 2022 order that also resolved the parties' cross-motions for summary judgment.  (Doc. 435.)

Unfortunately, the ruling from the Northern District of Texas with respect to Harper

did not proceed at the same pace. Accordingly, on a roughly monthly basis between August 2021 and July 2022, GoDaddy filed motions explaining that the parties were still awaiting a ruling as to Harper and requesting a corresponding 30-day extension of GoDaddy's deadline to file a motion to exclude Harper. (Docs. 349, 385, 404, 409, 416, 421, 426, 437, 446, 452, 460, 481, 492.) All of these requests were granted. (Docs. 353, 398, 408, 413, 420, 425, 430, 442, 450, 456, 464, 485, 496.) Accordingly, the current deadline for GoDaddy to file a motion to exclude Harper is September 12, 2022. (Doc. 496.)

On August 5, 2022, the parties filed a joint notice informing the Court that "on August 2, 2022, the Honorable Magistrate Judge Renee Harris Toliver, in the United States District Court for the Northern District of Texas, entered a decision denying GoDaddy's Expedited Motion To Compel Response To Rule 45 Subpoena Directed To SiteLock's Expert, Rhonda Harper." (Doc. 497.)

On August 16, 2022, GoDaddy filed objections to the order denying its motion to compel. (Doc. 501 ¶ 4.) It appears the objections will not become fully briefed until September 20, 2022. (*Id.*)

On August 29, 2022, GoDaddy filed the motion now pending before the Court. (Docs. 499, 500.)

On August 30, 2022, the Court issued an order requiring expedited briefing. (Doc. 503.)

On September 1, 2022, SiteLock filed an opposition. (Doc. 504.)

On September 2, 2022, GoDaddy filed a reply. (Doc. 505.)

**ANALYSIS**

A.   The Parties' Arguments

GoDaddy asks the Court to postpone the trial date and grant another extension of its deadline to file a motion to exclude Harper. (Doc. 500.) In essence, GoDaddy's position is that the recent denial of its motion to compel as to Harper should not be treated as a final ruling because the order remains subject to review by a district judge in the Northern District of Texas "and, if necessary, . . . appeal to the Fifth Circuit." (*Id.* at 9.) GoDaddy

1  contends that it has been diligent in seeking relief and that the requested relief is necessary
2  because "[p]ostponing trial until the Motion to Compel is fully resolved eliminates the
3  possibility that parallel proceedings culminate in competing appeals with potentially
4  inconsistent results and serves the useful purpose of ensuring that this entire case proceeds
5  to trial with all expert discovery issues fully and finally resolved." (*Id.* at 10.)
6  Alternatively, GoDaddy argues that because Harper's testimony is only relevant to
7  SiteLock's trademark infringement claim, another option would be "bifurcating trial such
8  that SiteLock's trademark infringement claim is tried separately at a later date." (*Id.* at 11.)

9        SiteLock opposes GoDaddy's request for a variety of reasons. (Doc. 504.) It
10 summarizes its position as follows:

> The centerpiece of GoDaddy's litigation strategy has been to delay trial, raise a flurry of disputes unrelated to the merits of the case, and increase SiteLock's costs at every turn. GoDaddy's latest maneuver in its Russian Winter Campaign is to demand an indefinite delay of trial while it pursues multiple appeals of a third-party discovery ruling on a tangential issue *that GoDaddy has already (correctly) lost*. Such relief is completely unprecedented. GoDaddy cites no case where any court in the country has ever continued a trial indefinitely while a party appeals a third-party discovery ruling it lost. The research SiteLock has done in the time allotted has likewise uncovered no such case. The Court should reject GoDaddy's invitation for such an extraordinary and drastic ruling.
>
> Moreover, GoDaddy cannot come close to meeting the stringent test for a continuance. GoDaddy was not diligent in pursuing the disputed discovery; instead, it tactically delayed resolution of its motion. A continuance would be pointless because GoDaddy's appeal of the discovery ruling is meritless. SiteLock would suffer severe prejudice from this delay, which would inconvenience its counsel and witnesses and significantly increase its costs of preparing for trial. This case has been pending for more than three years. GoDaddy has hidden from its day of reckoning long enough. The Court should deny GoDaddy's motion and trial should begin on November 1.

25 (*Id.* at 1.)

26       In reply, GoDaddy argues that SiteLock is to blame for the fact that the Harper-
27 related litigation is occurring elsewhere (because SiteLock and its expert would not consent
28 to transfer the dispute to this Court); that it is not seeking an indefinite stay of trial but

- 4 -

merely a three-month stay; that the materials at issue are critical to its ability to challenge the admissibility of Harper's testimony and cross-examine her at trial; that it is likely to prevail during further proceedings in Texas because "[t]he Magistrate Court's decision is contrary to law or clearly erroneous" and because SiteLock has been unable "to identify *any* authority to support its refusal to disclose Ms. Harper's Pilot Survey"; that SiteLock has not substantiated its claim that it would suffer prejudice from a stay; and that SiteLock has not offered valid reasons for opposing bifurcation. (Doc. 505.)

II.     Analysis

Although GoDaddy's reasons for seeking a continuance of the trial date are not without force, the Court concludes in its discretion that the request should be denied.

As an initial matter, it bears emphasizing that this case has been pending for over three-and-a-half years. It is long overdue to be tried. *Cf. Harner v. USAA General Indemnity Co.*, 2022 WL 1138145, *2 (S.D. Cal. 2022) ("[U]nder the Civil Justice Reform Act of 1990, . . . district courts are encouraged to ensure timely termination of all cases within three years of filing. This case has been pending . . . [for] three years and eight months. The requested 90-day continuance would cause this case to have been pending for almost four years, one year above the recommended three year termination deadline. By setting a trial date of May 10, 2022, this Court intends to adhere to the Legislature's mandate to district courts to 'ensure just, speedy, and inexpensive resolutions of civil disputes,' 28 U.S.C. § 471, by ensuring trial of this matter as close to three years of the date of filing as possible. Three years and eight months is ample time for any case to proceed to trial.").

This consideration helps frame the consideration of GoDaddy's extension request. Although the Court disagrees with SiteLock's attempts to blame GoDaddy for how the Harper litigation has unfolded in the Northern District of Texas—from the Court's vantage point, GoDaddy has done everything it can to pursue relief in a timely and reasonable manner—the analysis here does not turn solely on whether GoDaddy has been diligent in pursuing relief. Under LRCiv 40.2(b), "[a]fter a case is set for pretrial or trial, it shall not

be continued except as justice requires." Similarly, under Rule 16(b)(4), the contents of a scheduling order—including the trial date, *see* Fed. R. Civ. P. 16(b)(3)(B)(vi)—may be modified only for "good cause." Although the good-cause standard "primarily considers the diligence of the party seeking the amendment," it also allows for consideration of "the existence or degree of prejudice to the party opposing the modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, a continuance of the trial date in this long-overdue-to-be-tried case would be prejudicial to SiteLock because it would result in additional expense and delay. This outcome would also be inconsistent with Rule 1 of the Federal Rules of Civil Procedure, which exhorts courts to administer all of the rules in a manner intended to "secure the just, speedy, and inexpensive determination of every action and proceeding."

The Court is also unpersuaded by GoDaddy's contention that it is not seeking an open-ended extension of the trial date but merely a three-month extension. This three-month figure is arbitrary because there is no fixed timeline for when GoDaddy's objections will be resolved by the district judge in the Northern District of Texas. Additionally, GoDaddy alluded in its motion to a possible appeal to the Fifth Circuit if it remains dissatisfied after the district judge rules. Under the logic that gives rise to the current extension request, the Court would need to continue postponing the trial date (beyond the three-month extension requested here) until all of those steps are resolved.

Under the circumstances, the best outcome is to maintain the current trial date (as well as the current deadline for any motion to exclude Harper). This is an imperfect solution because it is possible that GoDaddy will eventually prevail in future proceedings in the Northern District of Texas and/or the Fifth Circuit and come into possession of documents it would have used as a basis for seeking to exclude and/or cross-examine Harper. In that scenario, and if SiteLock prevails on its trademark claim at trial, there may be litigation (the resolution of which the Court, to be clear, does not prejudge) over whether GoDaddy is entitled to some form of relief. Nevertheless, GoDaddy's proposed solutions are even more imperfect. It would be improper to issue what is essentially an open-ended

stay of trial for the sole purpose of enabling GoDaddy to pursue multiple stages of review of a discovery ruling related to expert material that, for all the Court knows, has little to no bearing on this case. And as for bifurcation, that would certainly drive up the parties' costs and cause delay, whereas such harms are only a possibility under the current schedule.

Accordingly,

**IT IS ORDERED** that GoDaddy's motion to postpone trial and modify the case management order (Doc. 499) is **denied**. The trial date of November 1, 2022 is confirmed, as is the deadline of September 12, 2022 for any motion to exclude Harper. The latter deadline cannot be further extended without running up against the trial date, which is firm.

Dated this 2nd day of September, 2022.

Dominic W. Lanza
United States District Judge